CRANE, *Appellant*, v. TIMBERLAKE.

1. **Replevin**: FRAUDULENT SALE: POSSESSION. Defendant, as sheriff, levied an attachment upon a number of sheep in favor of an execution creditor. Plaintiff claimed them by virtue of a bill of sale from the execution debtor, and brought an action of replevin against defendant for their possession. The consideration of the sale to plaintiff was an antecedent debt, and the sheep in question had never been separated from other sheep of the vendor, nor taken from the latter's possession; *Held*, that the sale was void as to the creditors of the vendor, and that plaintiff was not entitled to their possession. R. S. 1879, ? 2505.

2. **Practice in Supreme Court**: WEIGHT OF EVIDENCE. The Supreme Court will not interfere with the authority of the trial court

to weigh the evidence, and will not reverse a judgment for supposed errors in this respect.

*Appeal from Clay Circuit Court.*—Hon. G. W. Dunn, Judge.

Affirmed.

*Samuel Hardwicke* for appellant.

The evidence is, that the sheep in question were separated from the other sheep of the vendor at the time of the sale, after which they were left with him. In the absence of any pretense of bad faith, and where full value is paid, this is a sufficient delivery. The court erred in holding appellant bound by the value of the sheep, as set out in his petition and affidavit. R. S. 1879, §§ 3857, 3860; *Howenthal v. Watson*, 28 Mo. 360; *White v. Van Houten*, 51 Mo. 577; *State ex rel. Johnson v. Dunn*, 60 Mo. 64. When the sheep were purchased by appellant, they were sound and well, and the price paid for them was $20 apiece. When he replevied them, he supposed they were still sound and well, and put their value at the same amount. When he got them, he found they had the "scab," a contagious disease, which greatly impaired their value. There is no pretense that in their diseased condition they were worth more than $10 apiece.

*Gates & Wallace* for respondent.

The pretended sale or mortgage of the property in controversy, by Archer to Crane, was void as against the creditors of said Archer, and consequently void as against the defendant, Timberlake, who held the sheep at the time they were replevied from him under attachment issued in a suit in favor of William A. Findley against Samuel Archer. The court was justified in finding that there had not been a delivery of the sheep in a reasonable time, regard being had to the situation of the property, and that this pretended sale had not been followed by an actual and continued

change of possession of the property sold. See Laws of 1877, p. 320; Gen. St., vol. 1, § 2505, p. 419; *Wright v. McCormick*, 67 Mo. 426; *Stern v. Henley*, 68 Mo. 262. The court did not err in the amount of its judgment. The value was a question of fact, which the circuit court passed on, and this court will not interfere, when it is fully supported, both by the pleadings and the evidence. *Schulenburg v. Boothe*, 65 Mo. 477. See, also, *Long v. Cockrell*, 55 Mo. 93; *Fallon v. Manning*, 35 Mo. 271; *Wooldridge v. Quinn*, 70 Mo. 370; *Selking v. Hebel*, 1 Mo. App. 454; *Schaffer v. Faldbush*, 16 Mo. 337; Wells on Replevin, § 569, p. 310, § 659, p. 359

MARTIN, C.—This was an action of replevin for twenty-eight rams, of the alleged value of $560.

The defendant was in possession of them, as sheriff, in pursuance of an execution against one Samuel Archer. The plaintiff claimed them by virtue of a bill of sale from said execution debtor. The evidence showed that there had been no change of possession, but that they remained in Archer's possession, the same as before the sale, and that they were so commingled with his other sheep that the plaintiff replevied nine which were not included in his bill of sale. These nine were taken from him under process in favor of a mortgage of the execution debtor, and the defendant makes no claim for return of them, or for damages in lieu thereof. The only way in which the debtor could distinguish his own sheep from the sheep sold to plaintiff, was by his familiarity with " their countenances and looks."

The consideration of the sale was an antecedent debt, and it was so manifestly void as to creditors of the vendor, that no serious argument can be made in its support. R. S. 1879, § 2505. The plaintiff being in possession of the property replevied, the court, after finding against him, assessed the value of the nineteen rams at $380, which sum the defendant elected to take in lieu of a return of the property.

The plaintiff, in his motion for a new trial, alleges that

28—81

this assessment was above the actual value of the property, and against the weight of evidence.

The affidavit of plaintiff in the replevin proceeding, as well as the price of the bill of sale given in evidence, supports this assessment. The court did not rule that the plaintiff was concluded by the value stated in the affidavit. On the contrary, the plaintiff was permitted to produce and did produce other evidence tending to show that the sheep were not worth the amount there stated, and after hearing the other evidence, it rendered judgment at the value disclosed in the affidavit and sale bill. In doing this the court exercised its authority of weighing the evidence, and the appellate court will not reverse for supposed errors in this respect.

No instructions or declarations of law are to be found in the bill of exceptions; and no exceptions on the admission or exclusion of evidence. And as the judgment is supported by evidence, it will have to be affirmed, and it is so ordered. All concur.